IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR. NO.   9:21-CR-317 |
| | ) | |
| | ) | |
| vs. | ) | |
| | ) | **MOTION TO** |
| **CEDRIC VENTIEGO RILEY** | ) | **REGULATE THE** |
| **EARL DAWSON CALDWELL, IV** | ) | **DISSEMINATION** |
| **JESSICA MICHELLE MILLS** | ) | **OF DISCOVERY** |

NOW COMES the United States, by and through the undersigned attorney, who moves this Court for an order regulating the dissemination of discovery.  The United States wishes to make disclosure of materials discoverable under Title 18, United States Code, Section 3500 (commonly known as the Jencks Act) and Rules 16 and 26.2 of the Federal Rules of Criminal Procedure.  For the reasons outlined herein, the United States requests that the Court regulate the dissemination of this discovery material pursuant to the Court's inherent authority and the authority granted to it by Rule 16(d)(1) of the Federal Rules of Criminal Procedure. Specifically, the Government requests that the Court issue an Order that prohibits defense counsel from: (1) keeping more than one copy of the discovery; (2) disseminating copies of the discovery to anyone else, including the Defendants, unless defense counsel obtains approval from the Court prior to the dissemination; and (3) revealing the contents of the discovery to anyone other than the defense counsel's staff, the Defendants, and others whose participation is reasonably necessary to prepare a defense prior to trial unless defense counsel obtains approval from the Court prior to the dissemination.

This motion is supported by the United States' desire to protect the privacy of the minor

1

victim, as well as the defendants. Regarding the defendants' privacy, the discovery potentially contains information unrelated to this case that was obtained from the defendants' phones, social media, and Apple iCloud accounts that, because of the volume and format it was provided to the Government, is unable to be separated from the relevant information. The Government wishes to prevent the public disclosure of this information to protect the privacy of the defendants and to ensure the defendants' have access to all the same material the Government has, to determine themselves what may or may not be exculpatory.

Additionally, Title 18 U.S.C. § 3509 prohibits the Attorney General and Department of Justice officials and employees from disclosing the identity of and information which relates to a minor victim.

The statute provides, in relevant part:

(d) Privacy protection.

    (1) Confidentiality of information.

        (A) A person acting in a capacity described in subparagraph (B) in connection with a criminal proceeding shall--

            (i) keep all documents that disclose the name or any other information concerning a child in a secure place to which no person who does not have reason to know their contents has access; and

            (ii) disclose documents described in clause (i) or the information in them that concerns a child only to persons who, by reason of their participation in the proceeding, have reason to know such information.

        (B) Subparagraph (A) applies to--

>  (i) all employees of the Government connected with the case, including employees of the Department of Justice, any law enforcement agency involved in the case, and any person hired by the Government to provide assistance in the proceeding;
>
>  (ii) employees of the court;
>
>  (iii) the defendant and employees of the defendant, including the attorney for the defendant and persons hired by the defendant or the attorney for the defendant to provide assistance in the proceeding; and
>
>  (iv) members of the jury.

18 U.S.C.A. § 3509.

Redacting the victim's name and personal information is impossible since the discovery is so voluminous and consist predominantly of her name and her personal information. The Government therefore requests that the disclosure of information of the type covered by 18 U.S.C. § 3509, and which is contained extensively in the discovery material, be limited to disclosure to the defense counsel, and those specified above, to be used only for the purposes of litigating this case, including any subsequent appeals, and shall not be disclosed by the defendants or his/her counsel or representatives to the public or any other entity for any reason other than for the purpose of litigating this case.

For these and other reasons, the United States contends that access to the discovery materials should be restricted. Therefore, the United States requests that this Honorable Court grant the relief sought herein and issue an Order regulating the dissemination of discovery materials in this case. Counsel for all defendants have indicated to the Government they consent

to this motion.

                                                     Respectfully submitted,

                                                     M. RHETT DEHART
                                                     ACTING UNITED STATES ATTORNEY

                                  By:    *s/J. Carra Henderson*
                                                     J. Carra Henderson #12229
                                                   Special Assistant United States Attorney
                                                   151 Meeting Street, Suite 200
                                                   Charleston, SC 29402
                                                   (843) 266 - 1644

November 23, 2021