**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | **CRIM. CASE NO.: 9:21-cr-00317-DCN-2** |
| vs. | ) | |
| | ) | |
| | ) | |
| **EARL DAWSON CALDWELL,** | ) | |
| | ) | |
| | ) | |
| **DEFENDANT.** | ) | |
| _____ | ) | |

## MOTION FOR BOND RECONSIDERATION

Defendant Earl Dawson Caldwell, by and through his undersigned counsel, respectfully moves for reconsideration of bond. On October 12, 2021, the Mr. Caldwell was arrested and appeared before the Court for an initial appearance at which time the Government moved for detention pending trial. (ECF No. 7). On October 15, 2021, the Court held a detention hearing. (ECF No. 54). While the Court did not find that Mr. Caldwell was a flight risk, it determined that no condition or combination of conditions of release would reasonably assure the safety of the community. (ECF No. 56 at 2). The Court also found detention was warranted based on the weight of the evidence and the potential lengthy sentence Mr. Caldwell faces if convicted. *Id.* Accordingly, the Court ordered that bond be denied and that Mr. Caldwell be detained prior to trial. *Id.*

Since the October 15, 2021 detention hearing, an unanticipated circumstance has occurred that gives rise to this motion. Regarding the court's first finding as to the weight of the evidence, Mr. Caldwell has not received *any* discovery from the Government since his arrest almost two months ago. On October 27, 2021, the defense overnighted a 1 TB hard drive to the Government

1

to facilitate production of discovery. The defense has made numerous requests for discovery and/or a date when discovery will be provided but has been told by the Government that it does not know when discovery will be provided. This delay is depriving Mr. Caldwell of his right to a speedy trial, as he sits in jail for months on end with the inability to review and challenge the government's evidence, and his right to file suppression motions and other appropriate pre-trial motions that will become apparent with a thorough review of the discovery. On point here, the failure of the Government to produce any discovery thus far has also impeded Mr. Caldwell's ability to fully argue in support of this motion for reconsideration of bond. Moreover, the Government has recently informed the defense that some discovery will only be available for review at the United States Attorney's Office making it impossible for Mr. Caldwell to personally review this discovery.

As to the second finding that he is subject to a lengthy period of incarceration if convicted, Mr. Caldwell submits that most every defendant appearing before this court on felony charges faces a lengthy period of incarceration if convicted. Yet most defendants, particularly those like Mr. Caldwell with no prior criminal record, are granted a bond with conditions put in place to ensure the safety of the community and assure subsequent appearances in court.

There is a very similar case human trafficking/ child pornography case currently pending in the District of South Carolina, Greenville Division, *United States v. Garland, et al* 8:20-cr-00452-DCC. On August 27, 2020, five of the six defendants in the *Garland* case received a $25,000 unsecured bond. (ECF# 64, 83, 88, 224, and 250). The special conditions ordered were: home detention, GPS monitoring, special conditions associated with the charge, passport surrendered, no unsupervised contact with minors, and no contact with victim or witnesses. The

charges in this Indictment are nearly identical to the case at hand. A number of the defendants in that case who received an unsecured bond are very similarly situated to Mr. Caldwell.

Moreover, in a recent similar case in the Eastern District of Virginia, a 46-year-old attorney who was charged with six counts of human trafficking of a minor and production of child pornography was released on a personal recognizance bond. *United States v. Erausquin*, No. 1:21-CR-49-CMH (E.D. Va. 2021). Pursuant to the affidavit supporting the complaint, the defendant paid high school minors in cash, accessories, and drugs to engage in sexual activity with him and send him sexually explicit videos and photographs. *Id.,* ECF No. 2. At a detention hearing, the defendant was released on a personal recognizance bond with certain conditions including restrictions on travel and access to the internet and minors and participation in treatment. *Id.*, Order Setting Conditions for Release, ECF No. 29. Mr. Caldwell should be granted a substantially similar bond.

As the Court acknowledged from the bench at the detention hearing and in its Order, Mr. Caldwell has a strong familial support system, sufficient financial resources, and no criminal history, and his subsequent court appearances are not at issue. The community's safety can be assured through the application of the proper combination of bond conditions. Moreover, upon information and belief, the alleged victim in this case has relocated outside of this jurisdiction. Mr. Caldwell requests that he be allowed to relocate to Columbia, South Carolina, where he would reside in an apartment without access to the internet, computers, smartphones, or tablets. This would also allow Mr. Caldwell to be closer to his attorneys, so that when the discovery is eventually produced, he can immediately begin a review of the material, avoiding delays to his trial. Further, the Court could impose electronic monitoring and set restrictive conditions as the

Court deems necessary. Under strict home confinement without access to the internet, Mr. Caldwell poses no risk to any person or the community.

Therefore, for the reasons stated above, it is respectfully requested that the Court grant the Defendant a reasonable bond.

                                            Respectfully submitted,

                                            /s/ Deborah B. Barbier
                                            Deborah B. Barbier, LLC
                                            1811 Pickens Street
                                            Columbia, South Carolina 29201
                                            (803) 445-1032
                                            (803) 445-1036 (fax)
                                            dbb@deborahbarbier.com

                                            /s/ Gregory P. Harris
                                            Gregory P. Harris
                                            Harris & Gasser
                                            1529 Laurel Street
                                            Columbia, South Carolina 29201
                                            (803) 779-7080
                                            (803) 746-0480 (fax)
                                            greg@harrisgasserlaw.com

                                            *Attorneys for Defendant Caldwell*

December 3, 2021
Columbia, South Carolina