IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR. NO. 9:21-CR-317 |
| | ) | |
| vs. | ) | |
| | ) | **GOVERNMENT'S RESPONSE TO** |
| **EARL DAWSON CALDWELL, IV** | ) | **DEFENDANT'S MOTION FOR** |
| | ) | **BOND RECONSIDERATION** |
| | ) | |

The defendant, Earl Dawson Caldwell, IV, has moved to be released on bond, arguing it is an "unexpected change in circumstances" that he has yet to receive discovery. He also argues that his statutory length of incarceration should not be used as a basis for detention. The Government opposes the defendant's motion for the reasons set forth below.

The defendant was indicted on October 12, 2021 for conspiracy to traffic a minor for sex, trafficking a minor for sex, and three counts of production of child pornography. (ECF 39). At arraignment, the Government moved the defendant be detained. At the detention hearing on October 15, 2021, after hearing all the evidence and arguments from both sides, the Court ordered the defendant detained based on the weight of the evidence against him, the lengthy prison sentence the defendant is facing if convicted and that no condition or combination of conditions would reasonably assure the safety of the community from the defendant. (ECF 56).

On November 2, 2021, the Government received the discovery from Homeland Security Investigations. After consultation with the Child Exploitation and Obscenity Section of the Department of Justice to address several complications regarding the discovery due to the age of the victim and the evidence containing medical records, images of the victim, and pornographic

1

images, the Government sent a proposed protective order for discovery to defense counsel on November 18, 2021. After receiving the consent of all defense counsel, the proposed protective order was submitted to the District Court on November 23, 2021. The District Court signed the protective order on November 30, 2021. Discovery was produced to the defendant's counsel on December 8, 2021. No pretrial conference has been set for this case.

As an initial matter, discovery issues are typically addressed to the district judge and not argued as a motion for reconsideration of bond. Indeed, it is hard to understand how the public would be safer from the defendant because the defendant has not received discovery. Additionally, even if such a discovery complaint were made to the District Judge, it would be moot as the initial discovery able to be produced at this time has been produced.

Discovery production in an exploitation of a minor cases is not a simple matter. The Government has strived to balance the rights of a minor victim of sexual exploitation with the defendant's desire for swift access to discovery. Between the Government's receipt of the discovery on November 2, 2021 and the filing of the proposed protective order on November 23, 2021, the Government provided multiple updates to the defendant's counsel regarding the discovery.[1] Regardless, as previously stated, the time it took to properly produce the discovery bears no impact on the basis for the Court's decision to detain the defendant, particularly his clear danger to the community, and does not constitute a proper change in circumstances to justify the defendant's release.

---

[1] *See* Government's Exhibits 1-7. While it is true the Government could not provide an exact date the discovery would be produced, as the updates the Government sent show, defense counsel was provided with significantly more information than simply, "we do not know".

The defendant's second argument regarding the length of incarceration he is facing if convicted likewise does not constitute a change in circumstances to justify releasing the defendant on bond. The arguments made by the defendant are the same arguments he made at his initial bond hearing that were not sufficient to overcome the presumption of detention in this case. Even if any of the information provided by the defendant was considered "new", all of it, including the two cases cited, was available at the time of the defendant's hearing on October 15, 2021. Generally, "where evidence was available to defendant at the time of the hearing, the hearing will not be reopened." *United States v. Peoples*, No. 11-CR-390A, 2013 WL 5533570, at *4 (W.D.N.Y. Oct. 7, 2013); *See also, U.S. v. Dillon*, 938 F.2d 1412, 1415 (1st Cir.1991); *U.S. v. Hare*, 873 F.2d 796, 799 (5th Cir.1989); *United States v. Smith*, No. 09-CR-331A, 2013 WL 1152039, at *5 (W.D.N.Y. Mar. 18, 2013); *United States v. Woltz*, No. 3:06-CR-74-BR, 2007 WL 37803, at *1 (W.D.N.C. Jan. 4, 2007). As such, the defendant has not presented any new evidence or an appropriate change in circumstances to justify releasing him on bond and his motion should be denied.

Respectfully submitted,

M. RHETT DEHART
ACTING UNITED STATES ATTORNEY

By: *s/J. Carra Henderson*
J. Carra Henderson #12229
Special Assistant United States Attorney
151 Meeting Street, Suite 200
Charleston, SC 29402
(843) 266 - 1644

December 14, 2021