IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 9:21-cr-00317-DCN |
| v. | ) | |
| | **)** | |
| EARL DAWSON CALDWELL, IV, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT CALDWELL'S REPLY TO THE GOVERNMENT'S RESPONSE OPPOSING DEFENDANT'S MOTION TO COMPEL PRODUCTION OF THE GRAND JURY TESTIMONY**

Defendant Earl Dawson Caldwell, IV, by and through his undersigned counsel, hereby files this Reply to the Government's Response Opposing his Motion to Compel Production for the Grand Jury Testimony. (Gov't's Response to Mot. to Suppress, ECF No. 143). Because Mr. Caldwell has a significant interest in obtaining the grand jury transcript in order to prepare a motion to dismiss and present his defenses, and this interest outweighs the minimal need for secrecy in a completed proceeding, the Court should allow for the disclosure of the grand jury testimony.

**I. ARGUMENT**

Rule 6 provides for three exceptions for which a court may lift the veil of secrecy of grand jury proceedings. Specifically, a court can order the disclosure of grand jury matters: (i) preliminarily to or in connection with a judicial proceeding; (ii) when a defendant shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury;

and (iii) to state, Indian tribal, or military law enforcement officials. *See* Rule 6(e)(3)(E)(i)-(iii), Fed. R. Crim. P.

### A. Pursuant to Rule 6(e)(3)(E)(ii), Mr. Caldwell seeks the production of the Grand Jury proceedings so that he can prepare a motion to dismiss.

Under Rule 6(e)(3)(E)(ii), a court may allow the disclosure of matters occurring before a grand jury "at the request of a defendant who shows that a ground *may* exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim P. 6(e)(3)(E)(ii) (emphasis added). As the Government contends "this provision is not an invitation to engage in a fishing expedition to search for grand jury wrongdoing and abuse when there are *no* grounds to believe that any wrongdoing or abuse has occurred." (Govt's Response to Mot. at 17) (citing *United States v. Loc Tien Nguyen*, 314 F. Supp. 2d 612, 616 (E.D. Va. 2004))(emphasis added). In *Nguyen*, the court determined that the defendant had "not presented one shred of evidence to support an allegation of grand jury irregularity or misconduct." 314 F. Supp.2d 616. However, here, Mr. Caldwell has grounds to believe that wrongdoings have occurred. Moreover, "[t]he 'typical showing'" of particularized need arises when a litigant seeks to use grand jury transcripts at trial to impeach a witness, refresh recollection, test credibility, and the like." *United States v. Eury*, No. 1:20-cr-38-1, 2021 WL 276227, *13 (M.D.N.C. Jan. 27, 2021) (citing *Douglas Oil Co. of California v. Petrol Stops Nw.*, 441 U.S. 211, 222 n.12 (1979)).

Recently, the Government informed the defense that the female identified in one of the two videos as the alleged victim ("AV") was actually not the AV. The Government argues that Mr. Caldwell "sets forth no possible grounds on which the indictment may be set aside" "[n]or does [he] identify any basis for this Court to believe that a matter that occurred before the grand jury

might support a motion to dismiss." (Govt's Response to Mot. at 17). However, the possibility of false identification is of course not a fanciful one in a criminal prosecution. The error of asserting that the AV was the female in the video should satisfy the showing that a ground may exist to dismiss the indictment.

Moreover, there are other issues that exist that may support a motion to dismiss. At the initial bond hearing on October 15, 2021, two days after the Grand Jury issued the superseding indictment, S.A. Hawsey gave testimony which included numerous inaccurate statements.[1] When asked if during the first interview the AV had indicated that she was providing sex for money to the defendant, Mr. Caldwell, S.A. Hawsey responded "Yes." (Ex. A, Oct. 15, 2021 Bond Hearing Tr. at 44:21-24). In reality, the AV denied ever having sex with Mr. Caldwell during the first videotaped forensic interview. When asked when the second interview occurred, S.A. Hawsey responded, "I want to say June, early June." *Id.* at 45:19-20. The second interview took place on July 1, 2021. He also testified that "for the most part" the information the AV provided during the second interview was consistent with the information that she had provided during the first interview. *Id.* at 45:17-46:46. However, the information the AV provided at the first forensic interview on May 20, 2021, was dramatically different than the information she provided in the other two interviews. When asked "when was the third interview, S.A. Hawsey stated "I think July 1st." *Id.* at 51:6-7. The third interview took place on August 12, 2021. S.A. Hawsey also answered affirmatively when asked if the information provided by the AV in the third interview was the same type of information provided in the first two forensic interviews. *Id.* at 51:8-11. Again, the

---

[1] The original indictment only charged a co-defendant for felon in possession of a firearm as a result of a search warrant executed on a hotel room at the Days Inn on May 7, 2021.

3

information the AV provided at the first forensic interview was dramatically different than the information she provided in the other two interviews.

If only two days after the superseding indictment was issued by the Grand Jury, the lead agent investigating this case had difficulty testifying at the initial bond hearing about some of the basic underlying facts, it is likely he made the same misrepresentations to the Grand Jury and possibly more. Accordingly, the Court should grant Mr. Caldwell's motion for disclosure of the grand jury testimony.

### B. Mr. Caldwell has a particularized need to obtain grand jury transcripts for trial preparation and to impeach witnesses.

As the Government contends a general plea to review grand jury testimony for impeachment material is insufficient to require disclosure. (Govt's Response to Mot. ) (citing *United States v. Harbin*, 585 F.2d 904, 907 (8th Cir. 1978)). "[T]he mere possibility that [a witness's] testimony before a grand jury differed from his testimony at trial [ ] would be insufficient reason to pierce the veil of secrecy which protects the proceedings of such a body." Id. (citing *United States v. Chase*, 372 F.2d 453, 466 (4th Cir. 1967). However, Mr. Caldwell is not asserting a mere possibility. The agent's sworn testimony at the bond hearing stands in stark contrast to the evidence the Government has disclosed. Mr. Caldwell has a particularized need for the grand jury testimony to prepare for trial and for impeachment at trial. *See Douglas Oil*, 441 U.S. at 222 n.12 (recognizing that "the typical showing of particularized need arises" when a litigant seeks to impeach, test the credibility of, or refresh the recollection of a witness).

Disclosure under Rule 6 is permitted when the person requesting the information demonstrates a need for such disclosure that outweighs the societal need for secrecy in grand jury

4

proceedings. *See Douglas Oil Co. v. Petrol Stops N.W.*, 441 U.S. 211, 223 (1979) ("[D]isclosure is appropriate only in those cases where the need for it outweighs the public interest in secrecy, and that the burden of demonstrating this balance rests upon the private party seeking disclosure."). The need for secrecy diminishes when the grand jury investigation ends and when there is a lapse of time between the grand jury proceedings and the trial. *See id.* ( "[D]isclosure is appropriate only in those cases where the need for it outweighs the public interest in secrecy, and that the burden of demonstrating this balance rests upon the private party seeking disclosure."). *See also In re Grand Jury Proceedings*, 800 F.2d 1293, 1301 (4th Cir. 1986). While some policy reasons might favor secrecy where additional individuals are targeted in the grand jury aside from those who have been indicted, *United States v. Plummer*, 941 F.2d 799, 806 (9th Cir. Ariz. 1991), this is not at issue here.

Some of the charges against Mr. Caldwell are based largely on uncorroborated witness testimony about out of court conversations that allegedly occurred with the co-conspirators and the alleged victim ("AV"). Thus, it is particularly important that Mr. Caldwell be allowed to challenge the veracity and accuracy of that testimony. The trial is not set yet, and it has been over a year since the charged events occurred. The grand jury proceeding occurred much closer in time to the charged events when the witnesses' memories were fresh.

Because it is critical that Mr. Caldwell adequately cross-examine the witnesses against him, he has a particularized need for the transcript of their testimony before the grand jury. Moreover, Mr. Caldwell's need for the grand jury transcripts outweighs the policy underlying grand jury secrecy. The policy reasons behind the secrecy of grand jury proceedings include 1) preventing the escape of those who might be indicted 2) to prevent interference with the deliberation of the grand jury 3) to prevent interference with witnesses who testify at the grand jury and who may

5

later testify at trial 4) to encourage witnesses to disclose information and 5) to protect the innocent who are accused and exonerated by a grand jury. *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 218 n.9. "[A]fter the grand jury's functions are ended disclosure is wholly proper where the ends of justice require it." *United States v. Socony-Vacuum Oil Co.*, 310 U.S. 150, 234 (1940).

The circumstances here favor disclosure because the policy reasons supporting nondisclosure are largely moot. Because the grand jury has completed its deliberations, the interests in grand jury secrecy are significantly reduced. The risk is eliminated that disclosure would interfere with those deliberations or discourage witnesses from providing testimony before the grand jury. Moreover, Mr. Caldwell has been indicted and incarcerated for approximately nine months pending trial, therefore, there is no danger of flight should the transcript be released. Based on the circumstances, the Court should order the disclosure of the grand jury testimony.

## II. CONCLUSION

For the foregoing reasons, Mr. Caldwell respectfully requests that this Court grant his motion and order the disclosure of the grand jury testimony.

Respectfully submitted,

/s/ Deborah B. Barbier
Deborah B. Barbier, LLC
1811 Pickens Street
Columbia, South Carolina 29201
(803) 445-1032
(803) 445-1036 (fax)
dbb@deborahbarbier.com

/s/ Gregory P. Harris
Gregory P. Harris
Harris & Gasser
1529 Laurel Street
Columbia, South Carolina 29201
(803) 779-7080
(803) 746-0480 (fax)
greg@harrisgasserlaw.com

*Attorneys for Defendant Caldwell*

July 5, 2022
Columbia, South Carolina