UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| -versus- | ) | CRIMINAL NO.: 9:21-317-DCN |
| | ) | |
| EARL DAWSON CALDWELL, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MOTION TO QUASH THE DEFENDANT'S SUBPOENAS FOR DOCUMENTS**

COMES NOW the Minor Victim 1, by and through her undersigned attorneys, Francis J. Cornely and Anne L. Ross, and moves this Honorable Court to quash the Defendant's request and Order for Subpoena of Documents. As grounds for this Motion, the Minor Victim 1 would show as follows:

1. THAT on October 13, 2021, the grand jury issued a superseding indictment in charging the Defendant with conspiracy to traffic a minor for sex (18 U.S.C. § 1594(c)), trafficking a minor for sex (18 U.S.C. § 1591(a)(1)), and three counts of production of child pornography (18 U.S.C. § 2251(a)).

2. THAT on July 12, 2022, this Honorable Court issued an Order that notice of the multiple subpoenas request be given to the Minor Victim 1.

3. THAT the issuance of the aforementioned subpoenas would be in violation of the Federal Rules of Criminal Procedure, Federal Rules of Evidence and precedent set forth by applicable law as follows:

**ARUGEMENT AND LAW**

First, the Crime Victims' Rights Act, through the Federal Rules of Criminal Procedure Rule 17(c)(3), provides a protective mechanism to quash a subpoena that requests a victim's personal or confidential information from a third party in order to protect the right to be treated with fairness and with respect for the victim's dignity and privacy. Secondly, the

1

Defendant has a high burden in proving the validity of the subpoena. In *United States v. Nixon*, 418 U.S. 683 (1974), the Supreme Court held that production pursuant to Federal Rules of Criminal Procedure Rule 17(c) is appropriate where the movant shows:

    (1)  the documents are evidentiary and relevant;

    (2)  they are not otherwise procurable, with due diligence, in advance of trial;

    (3)  the party cannot properly prepare for trial without such production and inspection in advance of trial; and

    (4)  the application was made in good faith and is not a fishing expedition.

Accordingly, a defendant seeking a Rule 17(c) subpoena must clear three hurdles: relevancy, admissibility and specificity. *Id.* at 700. In the present matter the Defendant has sought to subpoena sixteen (16) different agencies but has not requested any specific records from any particular period of time or provided a reason for why those records might be relevant. On the contrary, the Defendant has requested "certain records that may be of evidentiary value" failing to meet the burden established in *Nixon*, that there is a "sufficient likelihood" that the requested material is "relevant to the offenses charged in the indictment," and a "sufficient preliminary showing" that the requested material "contains evidence admissible with respect to the offenses charged." *Nixon*, 418 U.S. at 700.

While relevance is certainly an important part of the overall inquiry, relevance alone is not enough to survive a motion to quash. *United States v. Overton,* 2017 WL 6262227, at *2 (W.D.N.Y. Dec. 6, 2017) (quashing subpoena that requested "any and all reports, correspondence, electronic transmissions, handwritten notes, photographs, video recordings, or other writings" concerning an entire criminal investigation because, although relevant, request was not specific or admissible under Rule 17); *Underwood*, 2019 WL 5078351, at *4 (D.S.C. Oct. 10, 2019).

Requested documents cannot be "potentially" relevant or admissible. *United States v. Anderson*, 31 F. Supp. 2d 933, 944 (D. Kan. 1998). Instead, the party seeking documents must

establish a "sufficient likelihood" that the requested material is "relevant to the offenses charged in the indictment," and a "sufficient preliminary showing" that the requested material "contains evidence admissible with respect to the offenses charged." *Nixon*, 418 U.S. at 700. Conclusory allegations of relevance and admissibility are insufficient. *Anderson*, 31 F. Supp. 2d at 944-45.

Rule 403 of the Federal Rules of Evidence permits the court to exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. It should also be noted that generally, a conviction must be a felony or one involving a dishonest act or false statement to be admissible to attack a witness's character for truthfulness. *United States v. Streb*, 477 F. Supp. 3d 835, 863 (S.D. Iowa 2020), aff'd, 36 F.4th 782 (8th Cir. 2022), reh'g denied, No. 20-3028, 2022 WL 2378976 (8th Cir. July 1, 2022).

The third hurdle, specificity, is the most difficult to overcome. *United States v. Wittig*, 250 F.R.D. 548, 552 (D. Kan. 2008). Rule 17 was not intended to provide the defendant a mechanism by which to troll the waters of the sea's otherwise undiscoverable material in the small hope that something beneficial might rise to the surface. *United States v. King*, 164 F.R.D. 542, 546 (D. Kan. 1996). Requiring that a party seeking documents establishes specificity ensures that Rule 17(c) subpoenas are used only to secure for trial certain documents or sharply defined groups of documents. *Anderson*, 31 F. Supp. 2d at 945. A subpoena must therefore refer to specific documents, and the party seeking them "must specify why the materials are wanted, what information is contained in the documents, and why those documents would be relevant and admissible at trial." *King*, 164; *United States v. Vanskike*, 2019 WL 2137284, at *2 (D. Kan. May 16, 2019).

Furthermore, "Federal Rule of Evidence 412 bars evidence of a victim's other sexual behavior, which includes a sex trafficking victim's other prostitution activities, unless the exclusion of the evidence would violate a defendant's constitutional rights," *United States v.*

3

*Parks*, 849 F. App'x 400, 405 (4th Cir.), cert. denied, 142 S. Ct. 508, 211 L.Ed.2d 306 (2021). Courts have also held that a district court does not infringe on a defendant's constitutional rights by excluding evidence of a victim's sexual history under Rule 412. *Id.*

The limitations of Rule 412 shield victims of sexual misconduct from invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details and the infusion of sexual innuendo into the factfinding process, and encourages victims of sexual misconduct to institute and to participate in legal proceedings against their offenders or abusers. 1994 Advisory Committee Notes to Fed. R. Evid. 412; *see United States v. Elbert*, 561 F.3d 771, 776 (8th Cir. 2009). The protections put in place by Rule 412 apply with particular force in cases involving minor victims. *See United States v. Ogden*, 685 F.3d 600, 606 (6th Cir. 2012); *Clardy v. McKune*, 89 F. App'x 665, 673–74 (10th Cir. 2004); *cf. Maryland v. Craig*, 497 U.S. 836, 852 (1990). A State's interest in the protection of minor victims of sex crimes from further trauma and embarrassment is a compelling one. *United States v. Streb,* 477 F. Supp. 3d 835, 857–58 (S.D. Iowa 2020), aff'd, 36 F.4th 782 (8th Cir. 2022), reh'g denied, No. 20-3028, 2022 WL 2378976 (8th Cir. July 1, 2022). Fed. R. Evid. 412. *United States v. Kettles*, 970 F.3d 637, 642 (6th Cir.), cert. denied, 141 S. Ct. 924, 208 L. Ed. 2d 468 (2020).

Evidence offered to prove that a victim engaged in other sexual behavior is generally inadmissible in proceedings involving allegations of sexual misconduct. Fed. R. Evid. 412(a)(1). As stated in *United States v. Young*, the prior sexual conduct of the defendant's minor victims has no bearing whatsoever on the elements of the trafficking statute, and the district court did not infringe on the defendant's constitutional rights by denying him the opportunity to present evidence of his minor victims' sexual history. 955 F.3d 608, 614–15 (7th Cir.), cert. denied, 141 S. Ct. 940, 208 L. Ed. 2d 478 (2020), reh'g denied, 141 S. Ct. 2891, 210 L. Ed. 2d 1005 (2021).

Many courts have found the victims' sexual histories inadmissible in sex trafficking trials. *See, e.g., United States v. Gemma*, 818 F.3d 23, 34 (1st Cir. 2016) (noting that evidence of

4

a victim's prior prostitution in a § 1591(a) case is "either entirely irrelevant or of [ ] slight probative value in comparison to its prejudicial effect"); *United States v. Rivera*, 799 F.3d 180, 185 (2d Cir. 2015) (rejecting the argument that "a victim's experience in the sex industry, and knowledge of its practices, is ... relevant to whether she was coerced or whether, on the other hand, she knew precisely what she was getting into and accepted it") (quotation marks and emphasis omitted); *United States v. Roy*, 781 F.3d 416, 420–21 (8th Cir. 2015) ("The victim's participation in prostitution either before or after the time period in the indictment has no relevance to whether [the defendant] beat her, threatened her, and took the money she made from prostitution in order to cause her to engage in commercial sex."); *United States v. Cephus*, 684 F.3d 703, 708 (7th Cir. 2012) (rejecting the defendant's argument that "having already been a prostitute [the victim] would not have been deceived" by the defendant and finding that "the testimony sought to be elicited ... would have been irrelevant"). *United States v. Maynes*, 880 F.3d 110, 115–16 (4th Cir. 2018).

Rule 404(b) of the Federal Rules of Evidence states that evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. Any character evidence the Defendant could hope to gain would be inadmissible under Rule 404(b) and would not fall under any exception allowed by Rule 412 in that any evidence the Defendant could hope to gain would be extrinsic to the Defendant's alleged crimes. *United States v. Brizuela*, 962 F.3d 784, 793 (4th Cir. 2020). If the Defendant's subpoenas' purpose was to obtain evidence of acts committed by Minor Victim 1 intrinsic to the Defendant's alleged crimes, that evidence would be procurable in discovery and therefore not subject to subpoena. It has been consistently emphasized that Rule 17(c) is not a discovery device. *United States v. Caro*, 597 F.3d 608, 620 (4th Cir. 2010).

The proponent of a Rule 17 subpoena may not, therefore, utilize a subpoena to "fish for evidence that might support his theory, as if he were in the discovery phase of a civil

action." *United States v. Richardson*, 607 F. 3d 357, 368 (4th Cir. 2010). *United States v. Underwood*, No. 0:19-CR-00420-JMC-1, 2019 WL 5078351, at *3 (D.S.C. Oct. 10, 2019).

For this reason, the materials that can be compelled pursuant to a Rule 17(c) criminal subpoena are inherently narrow and specific. *United States v. Underwood*, 2019 WL 5078351, at *3 (D.S.C. Oct. 10, 2019). As the Eighth Circuit has stated, "the relevance and specificity elements 'require more than the title of a document and conjecture as to its contents,' and a subpoena should not be issued based upon a party's 'mere hope' that it will turn up favorable evidence." *United States v. Stevenson*, 727 F. 3d 926, 831 (8th Cir. 2013); *Underwood*, 2019 WL 5078351, at *3 (D.S.C. Oct. 10, 2019).

## CONCLUSION

The Defendant's subpoena language is ambiguous at best. However, due to the nature of the Defendant's alleged crimes and the importance of Minor Victim 1 as a witness to the Government's case, the purpose of the subpoenas is hardly opaque. Rather it seems clear the Defendant is engaging in what could only be termed a fishing expedition in hopes of uncovering evidence that may be prejudicial to the Minor Victim 1. While it is not impossible that the Defendant's subpoenas could uncover relevant evidence, that evidence would certainly be inadmissible. As outlined in *United States v. Maynes*, 880 F.3d 110, (4th Cir. 2018), "The district court remains in the best position to strike a balance between the relevance of the information to the defense and the risk of creating a mini-trial into the victims' character." *Id* at 115.

WHEREFORE the Minor Victim 1, by and through their undersigned attorneys, Francis J. Cornely and Anne L. Ross, moves this Honorable Court to quash the Defendant's request and Order for Subpoena of Documents.

        Respectfully submitted,

        FRANCIS J. CORNELY, ESQUIRE
        15 Prioleau Street
        Charleston, SC  29401
        Telephone: (843) 937-4090

        *s/Francis J. Cornely*
        _____
        FRANCIS J. CORNELY
        Federal ID Number:  5088


        ANNE L. ROSS, ESQUIRE
        111 Church Street
        Charleston, SC 29401
        Telephone: (843) 853-6456

        *s/Anne L. Ross*
        _____
        ANNE L. ROSS
        Federal ID Number:  9686


        ATTORNEYS FOR MINOR VICTIM 1

Charleston, South Carolina

July 27, 2022